Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YVONNE NOSIK, | ) CASE NO. |
| | ) |
| Plaintiff, | ) COMPLAINT FOR DAMAGES AND OTHER |
| | ) RELIEF BASED UPON: |
| vs. | ) |
| | ) 1. HOSTILE ENVIRONMENT SEXUAL HARASSMENT |
| ALL BRIGHT FAMILY DENTISTRY, LLC dba ALL BRIGHT DENTAL, a Nevada Limited Liability Company, | ) 2. QUID PRO QUO SEXUAL HARASSMENT |
| | ) 3. RETALIATION |
| Defendants. | ) JURY DEMAND |

Plaintiff YVONNE NOSIK ("Plaintiff" or "Nosik") alleges as follows:

**JURISDICTION AND VENUE**

1.   This action is brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, *42 USC §2000e*, et seq. (hereinafter "Title VII") to obtain relief for Plaintiff Nosik for discriminating against her, harassing her and retaliating against her, on the basis of her sex (female) in the terms, conditions or privileges of her employment.

2.   At all relevant times, Defendant ALL BRIGHT FAMILY DENTISTRY, LLC dba

1

ALL BRIGHT DENTAL, Nevada Limited Liability Company (hereinafter "Defendant" or "All Bright Dental") employed more than fifteen (15) employees, and they are therefore subject to the provisions of Title VII.

3. Jurisdiction is predicated under these code sections as well as *28 USC §1331*, as this action involves a federal question.

4. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5. Plaintiff, Nosik is a citizen of the United States and at all relevant times a resident of the State of Nevada, County of Clark and City of Las Vegas.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant All Bright Dental.

7. All Bright Dental is an employer within the meaning of *42 USC §2000e(b)*.

## EXHAUSTION OF REMEDIES

8. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on February 27, 2018, a copy of which is attached to complaint as Exhibit "A".

## STATEMENT OF FACTS

9. In or around March 2015 until March 15, 2016 Nosik was employed as a financial coordinator for All Bright Dental.

10. In this position Plaintiff managed a range of independent tasks from treatment coordination, financial arrangements, to all aspects of collections.

11. The owner of All Bright Dental, Saeid Mohtashami, DDS, wanted to date Nosik. He would tell her he was older and that Nosik should stop dating these young losers and instead

date him.

12. During her employment with All Bright Dental Nosik was also subjected to sexual harassment by Dr. Mohtashami.

13. This included but was not limited to, in or around of October 2015 Plaintiff was in Dr. Mohtashami's office, Dr. Mohtashami's looked intoxicated and Nosik could smell alcohol on his breath. Dr. Mohtashami's pulled down Plaintiff's tank top shirt (which was under another shirt) and the strap from the tank top ripped. Dr. Mohtashami then proceeded grab Nosik's breast. She angrily said, "What are you doing" and Plaintiff abruptly left the office in tears.

14. Then in or around December 2015 Dr. Mohtashami took the girls in the office to a Christmas party at Sapphire Gentlemen's Club. Plaintiff initially didn't want to go to the Christmas party but Dr. Mohtashami told Plaintiff that it was a good way for her to bond with the office staff including the other girls in the office.

15. While Plaintiff and other girls were in limousine with Dr. Mohtashami on their way to Sapphire's, Dr. Mohtashami took off all of his clothes and said to Plaintiff while fully naked, "Don't you want all of this baby".

16. When they returned back to the dental office after the Christmas party Dr. Mohtashami wanted Nosik to snort cocaine and have sex with him. Plaintiff refused both requests and instead abruptly left the office.

17. After this incident, Plaintiff told Dr. Mohtashami that she was going to quit and Dr. Mohtashami said "what do I have to do to keep you"? Nosik had seen on the TV show "Undercover Boss" that an employer agreed to buy an employee a house so she said to Dr. Mohtashami that she wanted him to buy her a house.

18. She did not think Dr. Mohtashami would take this demand seriously but he replied "Ok I'll buy you a house."

19. So Dr. Mohtashami did buy Plaintiff a house located at 9167 Mount Wilson Street, Las Vegas, NV 89113. After the house closed escrow on March 1, 2016 Dr. Mohtashami's wife at

the time found out that he had bought Nosik the house and she called Plaintiff to speak to her about this.

20. Dr. Mohtashami's wife at the time thought that Nosik was sleeping with Dr. Mohtashami's and that's why he bought her the house. Dr. Mohtashami's wife at the time told Plaintiff that she had found out that he had previously slept with another member of the office staff by the name of Bonnie and that she was certain that he was sleeping with Nosik now.

21. Plaintiff vehemently denied this but Dr. Mohtashami's wife at the time wouldn't believe this and Nosik could hear Dr. Mohtashami's wife at the time yelling at him about this in the background.

22. Dr. Mohtashami then called Plaintiff and got mad at her for not being convincing enough with his wife at the time and told Nosik he would have to fire her. He later reconsidered but ultimately fired her again.

23. On information and belief this incident was part of the reason Dr. Mohtashami's and his wife at the time ultimately got divorced.

## FIRST CAUSE OF ACTION

**(Hostile Environment Sexual Harassment in violation of Title VII)**

24. Plaintiff Nosiki incorporates the allegations set forth in paragraphs 1 through 23, inclusive, as if fully set forth herein.

25. This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for "Hostile Environment" sexual harassment which is governed by Title VII.

26. As previously set forth herein above, Plaintiff was sexually harassed on numerous occasions by owner Dr. Mohtashami, which created a "Hostile Environment" in the workplace for Nosik.

27. This was in violation of All Bright Dental's sexual harassment policy along with the general law which defines sexual harassment as unwelcome sexual advances and requests for sexual favors, and includes other physical or verbal conduct of a sexual nature when, among other

conditions, it creates an intimidating, hostile or offensive environment for working.

28. As set forth above, in addition to being subjected to a hostile work environment, Nosik was ultimately terminated by Dr. Mohtashami and All Bright Dental relating to his sexual harassment and her complaining about the same.

29. As a direct, foreseeable, and legal result of Plaintiff's termination, Nosik has suffered overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

30. As a further direct, foreseeable, and legal result of the sexual harassment by Dr. Mohtashami and Plaintiff's subsequent termination, Plaintiff has suffered crying attacks, embarrassment, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

31. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

32. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

33. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

### SECOND CAUSE OF ACTION

**(Quid Pro Quo Sexual Harassment in violation of Title VII)**

34. Plaintiff Nosik incorporates the allegations set forth in paragraphs 1 through 33,

inclusive, as if fully set forth herein.

35. This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for "Quid Pro Quo Sexual Harassment" which is governed by Title VII.

36. As previously set forth herein above, Dr. Mohtashami harassed, made improper sexual comments, act improperly in his conduct towards Nosik and made unwelcomed sexual advances to Plaintiff even though Nosik made it clear that she had no interest in Dr. Mohtashami.

37. Nosik believes that her refusal to acquiesce to Dr. Mohtashami's sexual advances including his wife at time thinking Plaintiff was sleeping with Dr. Mohtashami led to her termination on March 15, 2016. This was an "adverse employment actions" under Title VII and represented Quid Pro Quo Sexual Harassment as Plaintiff's refusal to acquiesce to Dr. Mohtashami's sexual advances caused her to be terminated on March 15, 2016.

38. As a direct, foreseeable, and legal result of this Quid Pro Quo Sexual Harassment, Plaintiff has suffered overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

39. As a further direct, foreseeable, and legal result of this Quid Pro Quo Sexual, Plaintiff has suffered crying attacks, embarrassment, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

40. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

41. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

42. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## THIRD CAUSE OF ACTION

### (Retaliation in violation of Title VII)

43. Plaintiff Nosik incorporates the allegations set forth in paragraphs 1 through 42, inclusive, as if fully set forth herein.

44. This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for retaliation which is governed by Title VII.

45. As set forth herein above, Nosik was retaliated against and ultimately terminated by Dr. Mohtashami and All Bright Dental relating to Dr. Mohtashami sexually harassing her and Nosik complaining about the same.

46. As a direct, foreseeable, and legal result of this retaliation by Defendant, Plaintiff has suffered overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

47. As a further direct, foreseeable, and legal result of Defendant's retaliation, Plaintiff has suffered crying attacks, embarrassment, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the court, to be proven at the time of trial.

48. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

49. Plaintiff claims the damages alleged herein, together with prejudgment interest as

provided by law, in a sum according to proof at trial.

50.  Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nosik demands judgment against Defendant All Bright Dental as follows:

1. For economic losses in the form of loss earnings, bonuses, job benefits and expenses according to proof at time of trial;

2. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

3. For punitive damages;

4. For attorney's fees and costs in an amount determined by the court to be reasonable, pursuant to *42 USC §2000e-5(k)*;

5. For pre-judgment interest on all damages; and

6. For any other and further relief that the court considers proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 5/27/2018                    LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
   Michael P. Balaban
   LAW OFFICES OF MICHAEL P. BALABAN
   10726 Del Rudini Street
   Las Vegas, NV  89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

EEOC Form 161 (11/16)                **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Yvonne Nosik
c/o: LAW OFFICES OF MICHAEL P BALABAN
Attn: Michael P. Balaban
10726 Del Rudini Street
Las Vegas, NV 89141

From: Las Vegas Local Office
333 Las Vegas Blvd South
Suite 5560
Las Vegas, NV 89101

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 487-2017-00316
EEOC Representative: Michael Mendoza, Intake Supervisor
Telephone No.: (702) 388-5013

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Wendy K. Martin,
Local Office Director

FEB 2 7 2018
(Date Mailed)

Enclosures(s)

cc: ALL BRIGHT DENTAL
Attn: Human Resources Manager
7510 West Sahara Ave.
Las Vegas, NV 89117