UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YVONNE NOSIK, | Case No. 2:18-cv-00972-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| ALL BRIGHT FAMILY DENTISTRY, LLC, | |
| Defendant. | |

Presently before the Court is Plaintiff's motion to enforce a settlement agreement between the parties. ECF No. 51. Defendant opposed this motion (ECF No. 52), and Plaintiff replied (ECF No. 53).

The parties participated in a settlement conference with the Court on October 31, 2019. ECF No. 48. A settlement was not reached. *Id.*

Approximately a week later, on November 7, 2019, the parties filed a notice of settlement, presumably after continued discussions. ECF No. 49. This notice requested thirty days to "submit settlement paperwork and to file a request for dismissal." *Id.* The Court then vacated all pending deadlines and ordered the parties to file dismissal paperwork within thirty days. ECF No. 50.

However, instead of filing dismissal paperwork, Plaintiff filed the motion presently before the Court, asking the Court to enforce the parties' settlement agreement (agreed to a week after the settlement conference). ECF No. 51. Plaintiff states that after the settlement conference, she decided to accept the last monetary offer that was presented by Defendant. *Id.* at 2. Plaintiff's

1 counsel informed Defendant's counsel of this, and after Defendant's counsel conferred with
2 Defendant, Defendant agreed to settle for that amount. *Id.*
3     Plaintiff states that shortly after that amount was agreed to, but before it was reduced to
4 writing, Defendant told Plaintiff that it did not want to pay this amount in a lump sum (allegedly
5 because Plaintiff was interfering with Defendant's business). *Id.* at 2-3. Defendant proposed
6 paying Plaintiff over time, to incentivize Plaintiff to not interfere with its business. *Id.* at 3.
7 Plaintiff did not want a payment plan but agreed to discuss this option, and counsel for both
8 parties discussed this over the following months. *Id.* However, the parties could not reach an
9 agreement on a payment plan. *Id.* Now, Plaintiff seeks to enforce "the settlement on the terms
10 originally agreed to, ie. [sic] a lump sum settlement for the amount agreed to." *Id.*
11     While the Court agrees with Plaintiff that it has the inherent authority to enforce
12 settlements, and that the terms agreed to by the parties need not be in writing to be binding, the
13 Court is not persuaded by Plaintiff's argument.
14     Plaintiff argues that a court may enforce an oral settlement agreement, so long as it is (1)
15 complete and (2) based on the parties' agreement to the terms of the settlement. *Id.* at 4. Plaintiff
16 argues that here, the settlement was complete. *Id.* Plaintiff states in its opening brief that the
17 parties agreed to all of the terms of the settlement at the settlement conference but did not agree to
18 finalize the settlement until roughly a week later. *Id.* However, in its reply brief, Plaintiff appears
19 to acknowledge that the parties did not agree to all of the terms of the settlement agreement,
20 stating, "The fact that the parties may not have agreed to all the terms specifically, ie., [sic] like a
21 confidentiality provision, a liquidated damages clause, timing and method of paying the
22 settlement, etc. is immaterial." ECF No. 53 at 2.
23     Defendant argues that the parties did not have a complete settlement agreement. ECF No.
24 52. Rather, Defendant argues that the parties only tentatively reached an agreement on the amount
25 of the settlement and on the fact that there would be a non-disparagement clause in the agreement.
26 *Id.* at 6. The parties were discussing other material settlement terms but did not reach an
27 agreement on these terms before Plaintiff filed her motion. *Id.*
28

2

1    Here, the Court finds that Plaintiff has not demonstrated that the parties had a complete
2 settlement agreement. Despite Plaintiff's representation that the parties "agreed to all the terms at
3 the settlement conference held on October 31, 2019 with Magistrate Weksler" (ECF No. 51 at 4),
4 (1) the Court's notes do not reflect, nor does the Court otherwise recall, terms being agreed to at
5 the settlement conference; (2) Defendant disputes that the parties agreed to all terms of a
6 settlement agreement; and (3) most importantly, Plaintiff seems to concede that the parties did not
7 reach an agreement on all terms (ECF No. 53 at 2). While Plaintiff asserts that the terms the
8 parties had not yet agreed to are immaterial, Plaintiff does not explain why this is so or cite any
9 authority for this proposition. Accordingly, the Court will deny Plaintiff's motion because
10 Plaintiff failed to cite authority for its argument that the terms the parties did not agree to are
11 immaterial. *See* LR 7-2(d).

12    Moreover, even if the parties had tentatively reached an agreement on *all* terms at the
13 settlement conference besides money (which was agreed to later), Plaintiff has not demonstrated
14 that the terms tentatively reached at the settlement conference were still on the table after the
15 settlement conference, or how they were offered or accepted after the settlement conference
16 ended. Put another way, even if the parties tentatively reached an agreement on all terms besides
17 money at the settlement conference, Plaintiff does not explain, in terms of the law, how or why
18 these terms should still be enforceable after the settlement conference ended without a settlement.

19    Furthermore, the Court cannot determine if a binding agreement has been reached, much
20 less enforce it, when the agreement has not been presented to the Court and the Court has no
21 recollection of any agreement the parties allegedly reached. Accordingly, the Court cannot
22 enforce any alleged settlement agreement on the record before it. Therefore,

23    **IT IS ORDERED** that Plaintiff's motion to enforce the parties' settlement agreement
24 (ECF No. 51) is DENIED.

25    **IT IS FURTHER ORDERED** that the parties are to file a joint status report and
26 proposed discovery plan and scheduling order by September 12, 2020.

1    **IT IS FURTHER ORDERED** that the Clerk of Court must reassign this case to another
2    magistrate judge, given the undersigned's participation in the settlement conference in this case.
3    **THE PARTIES ARE ADVISED** that the undersigned is willing to facilitate further
4    settlement discussions if both parties (1) believe that such discussions would be productive, (2)
5    are prepared to participate in good faith negotiations, and (3) are prepared to put a complete and
6    final settlement on the record (under seal) if the negotiations are successful.

8    DATED: August 12, 2020

10   _____
     BRENDA WEKSLER
     UNITED STATES MAGISTRATE JUDGE