UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

YVONNE NOSIK,

                Plaintiff,

                v.

ALL BRIGHT FAMILY DENTISTRY, LLC, *d/b/a* ALL BRIGHT DENTAL,

                Defendant.

Case No. 2:18-cv-00972-RFB-VCF

**ORDER**

## I.     INTRODUCTION

Before the Court are Defendant's Motion for Summary Judgment (ECF No. 68), Defendant's Motion for Order (ECF No. 71), and Plaintiff's Motion to Withdraw as Counsel of Record (ECF No. 73).

For the reasons stated herein, Defendant's Motion for Summary Judgment (ECF No. 68) is GRANTED in part and DENIED in part; Defendant's Motion for Order (ECF No. 71) is DENIED as moot; and the Motion to Withdraw as Counsel of Record (ECF No. 73) is GRANTED.

## II.     PROCEDURAL HISTORY

Plaintiff filed the Complaint on May 27, 2018, alleging three claims under Title VII of the Civil Rights Act of 1964, for (1) hostile work environment, (2) quid pro quo sexual harassment, and (3) retaliation. ECF No. 1. Defendant filed a Motion to Dismiss on June 19, 2018, and an Amended Motion to Dismiss on June 19, 2018. ECF Nos. 5, 9. Plaintiff filed a response on July 3,

1   2018. ECF No. 12. Defendant filed a Reply on July 10, 2018. ECF No. 13. The Court held a hearing

2   on the Amended Motion to Dismiss on March 15, 2019 and denied the motion without prejudice.

3   ECF No. 34. Following the granting of several extensions of the discovery schedule, discovery

4   closed on April 30, 2021. ECF No. 67.

5          On March 22, 2021, Defendant filed the instant Motion for Summary Judgment. ECF No.

6   68. On April 20, 2021, Defendant filed a "Notice of Non-Opposition," noting that Plaintiff had not

7   filed a response in opposition to the dispositive motion. ECF No. 69. Defendant sent a letter to the

8   Court on July 26, 2021, indicating the same. ECF No. 70. Defendant filed a "Motion for Order"

9   on December 22, 2021, again notifying the Court that Plaintiff had not filed an opposition to

10  Defendant's motion for summary judgment. ECF No. 71.

11         On January 26, 2022, the Court ordered Plaintiff to file an opposition to Defendant's

12  Motion for Summary Judgment by February 11, 2022. ECF No. 72. Plaintiff did not do so. Instead,

13  on February 4, 2022, Plaintiff's counsel filed a Motion to Withdraw as Counsel of Record. ECF

14  No. 73.

15         The Court now issues the following order regarding Defendant's Motion for Summary

16  Judgment, ECF No. 68; Defendant's Motion for Order re Summary Judgment, ECF No. 71; and

17  Plaintiff's Motion to Withdraw as Counsel, ECF No. 73.

18

19         **III.    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 68)**

20                 a.  Legal Standard

21         Summary judgment is appropriate "if the movant shows there is no genuine issue as to any

22  material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

23  substantive law governing a matter determines which facts are material to a case. Anderson v.

24  Liberty Lobby, 477 U.S. 242, 248 (1986).

25         When considering the propriety of summary judgment, the court views all facts and draws

26  all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim,

27  747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must

28  do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where

2

the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). The nonmoving party may not merely rest on the allegations of her pleadings; rather, she must produce specific facts—by affidavit or other evidence—showing a genuine issue of fact. Anderson, 477 U.S. at 256.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order." Heinemann v. Satterberg, 731 F.3d 914, 915 (9th Cir. 2013) (citing Fed. R. Civ. P. 56(e)). When a party fails to oppose a motion for summary judgment, district courts must assess "whether the motion and supporting materials entitle the movant to summary judgment." Id. (citations and internal quotation marks omitted).

b. Factual Background

i. Undisputed Facts

The Court finds the following facts to be undisputed based on the record:

In April 2015, Plaintiff began her employment as a treatment coordinator at Defendant All Bright Family Dentistry, LLC ("All Bright"). Plaintiff's initial duties included managing the front office, coordinating appointments with patients, and overseeing sales duties, which included helping patients obtain financing and collecting payments. All Bright Family Dentistry is owned by Dr. Saeid Mohtashami.

Plaintiff was terminated from All Bright on March 15, 2016.

Plaintiff subsequently filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that she had experienced discrimination related to her employment with All Bright. On February 27, 2018, the EEOC issued Plaintiff a Notice of Right to Sue.

3

## ii. Disputed Facts

The Court finds that there are substantial disputed facts in this case. The parties fundamentally dispute whether the sexually harassing conduct alleged by Plaintiff ever occurred.

Plaintiff alleges that during the course of her employment, Dr. Mohtashami repeatedly made unwanted sexual advances towards her, causing her to experience emotional and physical distress, including anxiety and depression. Plaintiff alleges Dr. Mohtashami sexually harassed her by repeatedly insisting that she date him. Plaintiff also alleges four discrete instances of sexual harassment. First, Plaintiff contends that in October 2015, Dr. Mohtashami approached her in his office while he was intoxicated, pulled down her tank top shirt, ripping her tank top, and grabbed her breasts. Plaintiff alleges she "left the office in tears" following this incident. Second, Plaintiff alleges that around December 2015, Dr. Mohtashami took Plaintiff and the other women who worked in the office to a Christmas party at the Sapphire Gentlemen's Club. Plaintiff alleges Dr. Mohtashami pressured her into going to the party, and that while everyone was in the limousine on their way to Sapphire's, Dr. Mohtashami took off his clothes, grinded on Plaintiff, and asked her, "don't you want all of this, baby." Third, Plaintiff alleges that after the staff returned to the office following the Christmas party, Dr. Mohtashami propositioned Plaintiff to snort cocaine and have sex with him. Fourth, Plaintiff alleges that after she told Dr. Mohtashami she intended to quit, Dr. Mohtashami asked Plaintiff what he would "have to do to keep [Plaintiff]," and that in response, she asked him to buy her a house. Plaintiff alleges that after Dr. Mohtashami purchased her a house, Dr. Mohtashami's wife confronted Plaintiff about sleeping with Dr. Mohtashami. Plaintiff alleges that Dr. Mohtashami then fired her.

Defendant disputes all of the above allegations. Defendant puts forth a fundamentally different account of the facts, alleging that it was Plaintiff herself who created an inappropriate work environment by terrorizing office staff, discussing her sex life at work, and neglecting her job responsibilities. Defendant also argues that Plaintiff repeatedly made sexual advances towards Dr. Mohtashami, including by sending him inappropriate text messages and photographs of herself, referring to herself as a "trophy" wife, and pressing Dr. Mohtashami about his personal life and sexual activities. Defendant argues this inappropriate behavior culminated in Plaintiff

4

attempting to extort Dr. Mohtashami. Defendant argues that Plaintiff informed Dr. Mohtashami that her credit was not good enough to secure a loan for a home purchase, and that he agreed to purchase a home and to lease it to Plaintiff for $990 a month. Defendant argues that Plaintiff subsequently told coworkers and posted online that Dr. Mohtashami had bought her a house, and that when he confronted her about it, she demanded that he pay her a $175,000 bonus, an amount 175% of her annual salary, and a 9% cut of All Bright's sales. Defendant argues Plaintiff not only refused to recant her false statements about the house, but also threatened to sue Dr. Mohtashami if he did not agree to her terms. Defendant alleges Dr. Mohtashami at that point had no choice but to terminate Plaintiff. Defendant denies all of Plaintiff's allegations regarding the specific instances of sexually harassing conduct. He admits only to having brought his office staff to the Sapphire Gentleman's Club around December 2015, and to having asked Plaintiff if she wanted to see the view from his hotel room at the Cosmopolitan. He denies that either of these actions were sexual or harassing in nature.

        c.  Discussion

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). For the reasons stated herein, the Court denies summary judgment with respect to Plaintiff's first cause of action for hostile work environment, but grants summary judgment with respect to her second and third causes of action for quid pro quo sexual harassment and retaliation.

*i. Claim 1: Hostile Work Environment*

Plaintiff's first cause of action alleges that she was subjected to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964. To survive summary judgment on a sexual harassment hostile work environment claim, a plaintiff must generate genuine issues of material fact that: (1) she was subjected to sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; (2) this conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. Ellison v. Brady, 924 F.2d 872, 875-76 (9th Cir. 1991). Here, the Court

finds that the record evidence establishes a genuine issue of material fact with respect to all three elements of plaintiff's claim for a hostile work environment.

The Court notes that Plaintiff has not filed an opposition to the motion for summary judgment. When the non-movant fails to oppose the movant's motion for summary judgment, the Court must nevertheless consider whether the motion and supporting materials entitle the movant to summary judgment. Heinemann, 731 F.3d at 915. The Court has considered the evidence in the record, including the excerpts from Plaintiff's deposition that Defendant submitted in support of its motion, and finds that there remain substantial issues of material fact which preclude the Court from finding that Defendant is entitled to summary judgment as a matter of law on this claim.

With respect to the first element of her hostile work environment claim, Plaintiff testified during her deposition to at least four discrete instances of sexual advances or requests for sexual favors by Dr. Mohtashami. First, she stated that in the fall of 2015, she and Dr. Mohtashami went to dinner at the Cosmopolitan Hotel, and that afterwards, he asked her to go with him to his hotel room. ECF No. 68-12, at 121:12-24. Second, she stated that in October 2015, Dr. Mohtashami approached her in his office, grabbed her breasts, and ripped her tank top. Id. at 146:4-24. Third, Plaintiff testified that in December 2015, she and Dr. Mohtashami were in a limo on their way to the office Christmas party, when he removed his clothing, began grinding on Plaintiff, and asked her, "do you want all of this, baby." Id. at 179:1-23. And fourth, Plaintiff testified that Dr. Mohtashami directly told her that she "should have sex with [him]," id. at 241:4-7, and that on another occasion, he told her he would "consider turning gay if [Plaintiff] didn't help him get a release," id. at 134:7-135-24. Defendant does not deny that these allegations constitute sexual advances, but merely argues that these incidents never occurred. The Court finds that a jury must resolve the dueling testimony of Plaintiff and Dr. Mohtashami in order to determine whether this element has been satisfied. See Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (stating that it is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage).

As to the second element—whether the alleged sexual advances were "unwelcome"— Plaintiff testified that Dr. Mohtashami's conduct made her "uncomfortable," id. at 147:16-17, that

she did not want to have sex with Dr. Mohtashami, id. at 183:14-16, that she felt she had to "keep [Dr. Mohtashami] happy" to keep her job, id. at 124:23-25; 147:21-148:11, and that she only ever spoke about her dating life while at work in order to get Dr. Mohtashami to "back off," id. at 185:11-18. Plaintiff also testified that while she was employed at All Bright, she told her son and her assistant, Danielle, that she felt Dr. Mohtashami had sexually harassed her. Id. at 183:17-184:24. Defendant disputes that Dr. Mohtashami engaged in any improper conduct but argues that even if he made sexual advances towards Plaintiff, such advances were not unwelcome. Defendant argues the evidence in the record of "Plaintiff's provocative speech, relentless talk of sexual experiences, inappropriate messages to Dr. Mohtashami, and dress" suggests that Plaintiff welcomed sexual advances from Dr. Mohtashami. ECF No. 68 at 15. In support of these contentions, Defendant points to the fact that Plaintiff admitted to giving Dr. Mohtashami unsolicited gifts, see ECF No. 68-12 at 141:4-21, and to the fact that another employee, Melissa Rodriguez, testified that Plaintiff would send Dr. Mohtashami extravagant gifts and "inappropriate" photos "with her tongue sticking out," see ECF No. 68-3 at 56:2-10. Defendant also directs the Court to evidence in the record of text messages that Plaintiff sent Dr. Mohtashami, where she is pictured blowing him kisses, stating that she "love[s] [her] career," and telling Dr. Mohtashami that she "love[s] [him] so much." See ECF No. 68-10.

The Court is mindful that "the question [of] whether particular conduct was indeed unwelcome presents difficult problems of proof and turns largely on credibility determinations committed to the trier of fact." See Meritor Sav. Bank, FSB v. Vinson, 488 U.S. 57, 68 (1986). While there is evidence in the record that Plaintiff may have failed to object to Dr. Mohtashami's alleged advances, as well as evidence that Plaintiff appeared happy with her work environment and her relationship with Dr. Mohtashami, this evidence is not dispositive of whether Dr. Mohtashami's alleged conduct was "unwanted." To the contrary, viewing the evidence in the light most favorable to the Plaintiff, a reasonable jury could find that Plaintiff's amenable or flirtatious behavior was consistent with her testimony that she aimed to "keep [Dr. Mohtashami] happy" and feared she would have been fired if she dared rebuff her employer. See id. at 68 (finding that where a plaintiff voluntarily engages in sexual conduct with a defendant, the conduct may still have been

"unwanted," and that "voluntary" sex-related conduct is not a defense to a sexual harassment suit under Title VII). Courts in this circuit routinely deny summary judgment on hostile work environment claims where there is evidence that a plaintiff may have condoned or welcomed sexual advances in an effort to avoid negative employment consequences. See, e.g. Wilson v. County of Umatilla, No. 3:11-cv-01061-PK, 2013 U.S. Dist. LEXIS 168936, at *36-37 (D. Or. Aug. 9, 2013) (denying summary judgment where a reasonable jury could believe Plaintiff agreed to have sex with her employer because she feared she would be fired if she rejected his sexual advances); Sarantis v. ADP, Inc., 2008 U.S. Dist. LEXIS 31186, at *13 (D. Ariz. Apr. 15, 2008) (denying summary judgment on whether plaintiff welcomed alleged conduct where he "played along with . . . a powerful and influential" supervisor's sexual advances); Frotten v. INT Techs. LLC, 2018 U.S. Dist LEXIS 84555, at *20 (D. Ariz. May 21, 2018) (denying summary judgment where a plaintiff engaged in inappropriate sexual banter "in order to 'fit in' and "be part of the good ol' boys club'"). Further, the Court notes that the Ninth Circuit has found that conduct is unwelcome if the plaintiff complained about it. Nichols v. Azteca Rest. Enters., 256 F.3d 864, 873 (9th Cir. 2001). Here, Plaintiff testified that while she was still employed at All Bright, she complained about Dr. Mohtashami's alleged conduct to her son and her assistant. See ECF No. 68-12 at 183:17-184:24. The Court concludes that whether Dr. Mohtashami's alleged conduct was "unwanted" presents factual and credibility questions that are for a jury, and not this Court, to resolve.

Finally, as to the final element of a hostile work environment claim, the Court finds that a reasonable jury could conclude that Dr. Mohtashami's alleged conduct was sufficiently severe or pervasive as to alter the conditions of Plaintiff's employment and create an abusive working environment. The Court employs "a totality of the circumstances test to determine whether a plaintiff's allegations make out a colorable claim of hostile work environment," weighing factors such as "frequency, severity and level of interference with work performance." Brooks v. City of San Mateo, 229 F.3d 917, 923-24 (9th Cir. 2000). Further, the Court must consider whether "the working environment . . . [was] both subjectively and objectively . . . perceived as abusive." Id. at

923. "When assessing the objective portion of a plaintiff's claim," the Court "assume[s] the perspective of the reasonable victim." Id. at 924.

First, as to Plaintiff's subjective experience of the alleged conduct, id. at 923, the Court concludes there is sufficient evidence from which a reasonable jury could conclude that Plaintiff perceived her alleged treatment as abusive. When asked if she believed she sustained trauma or emotional injury due to Dr. Mohtashami's alleged conduct, Plaintiff responded that she did suffer such injury. Id. at 201:7. She testified that after the alleged incident in the limousine, she began to feel that she needed to record Dr. Mohtashami, because "it was too much for [her]." Id. at 201:1-13. She further testified that she wished to "forget" everything that had happened to her, including the incident where Dr. Mohtashami allegedly ripped her shirt strap and grabbed her breasts. Id. at 16-19. This testimony, when construed in the light most favorable to Plaintiff, could suggest to a reasonable juror that Plaintiff subjectively perceived Dr. Mohtashami's alleged conduct as abusive.

Viewed from the perspective of a reasonable victim, the Court also finds that the alleged conduct was objectively abusive. Brooks, 229 F.3d at 923. While "simple teasing, offhand comments, and isolated incidents (unless extremely serious)" do not constitute abusive conduct sufficient to alter the terms and conditions of employment, conduct that is frequent, severe, and physically threatening or humiliating may. Faragher v. City of Boca Raton, 524 U.S. 775, 787-788 (1998). Moreover, "even a single incident of sexual assault sufficiently alters the conditions of the victim's employment and clearly creates an abusive work environment." Little v. Windermere Relocation, Inc., 301 F.3d 58, 967 (9th Cir. 2002). Here, Plaintiff testified to being sexually propositioned not once, but numerous times, and that during one of the most severe occasions of alleged harassment, Dr. Mohtashami grabbed her breasts and ripped her shirt while he was intoxicated at work. The Court concludes that a reasonable jury could find that Plaintiff's alleged treatment amounted to more than just "simple teasing" or "isolated incidents," and that Dr. Mohtashami's alleged conduct was sufficiently frequent and severe as to be objectively abusive.

The evidence provided in Defendant's supporting materials show that significant disputes of material fact exist with respect to each element of Plaintiff's hostile work environment claim.

As such, the Court denies Defendant's motion for summary judgment on Plaintiff's first cause of action.

### ii.   Claim 2: Quid Pro Quo Sexual Harassment

The Court next turns to Plaintiff's claim of quid pro quo sexual harassment. A quid pro quo sexual harassment claim arises when an employer conditions employment benefits on sexual favors. Ellison, 924 F.2d at 875 (citing A. Larson, Employment Discrimination § 41.61 at 8-151 (1989)). Quid pro quo sexual harassment occurs when an employer "explicitly or implicitly condition[s] a job, a job benefit, or the absence of a job detriment, upon an employee's acceptance of sexual conduct." Craig v. M&O Agencies, Inc., 496 F.3d 1047, 1054 (9th Cir. 2007).

Defendant argues Plaintiff has failed to identify any quid pro quo proposition by Dr. Mohtashami or any other All Bright employees—either in her pleadings, or in the evidence produced during discovery. Defendant further argues that none of the events that Plaintiff alleges constituted sexual harassment are of a "quid pro quo" nature; that is, even if the alleged conduct was deemed to be sexually harassing, it is undisputed that there were no overt or implied job conditions tied to the alleged conduct. The Court agrees. The Court finds that there is a lack of evidence in the record from which a reasonable jury could conclude that Dr. Mohtashami explicitly or implicitly conditioned "a job, a job benefit, or the absence of a job detriment, upon [Plaintiff's] acceptance of sexual conduct." Id. When asked whether Dr. Mohtashami ever conditioned any aspect of Plaintiff's job on her performing sexual favors for him, Plaintiff clearly responded that he had not. See ECF No. 68-12 at 130:8-19. At most, Plaintiff testified that she felt a need to "keep [Dr. Mohtashami] happy," id. at 124:23-25; 147:21-148:11, but absent additional evidence, this is insufficient to support a finding of implicit conditioning, amounting to quid pro quo sexual harassment. See Craig, 496 F.3d at 1054 (finding that plaintiff failed to establish a prima facie case of quid pro quo harassment where she testified that she "felt she had to consent" to sexual relations "if she wanted to keep her job" but failed to offer any other evidence to support that contention). There is simply no evidence in the record, other than Plaintiff's vague statement that she felt she had to keep Dr. Mohtashami happy, from which a reasonable jury could conclude that Dr. Mohtashami explicitly or implicitly conditioned Plaintiff's job or job benefits upon the

performance of sexual favors. As such, the Court accepts Defendant's statement of undisputed facts regarding whether Dr. Mohtashami ever conditioned Plaintiff's job benefits upon sexual favors. See Nguyen v. Esper, 722 Fed. Appx. 688, 689 (9th Cir. 2018) (affirming district court's granting of summary judgment where the district court "reasonably considered evidence in the record that it could locate and treated facts as undisputed for purposes of summary judgment where it could not locate evidence in the record").

The Court accordingly grants Defendant's motion for summary judgment on Plaintiff's quid pro quo sexual harassment claim.

iii.   Claim 3: Retaliation

Finally, the Court addresses Plaintiff's third claim for Title VII retaliation. Title VII prohibits an employer from retaliating against an employee for engaging in protected activity, such as making a charge or otherwise participating in a Title VII proceeding. See 42 U.S.C. § 2000e-3. To establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that: (1) she engaged in a protected activity; (2) her employer subjected her to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action. Nilsson v. City of Mesa, 503 F.3d 947, 953-54 (9th Cir. 2007) (internal quotation marks and citations omitted). If the plaintiff establishes a prima facie case of retaliation, the burden then shifts to the defendant to "articulate a legitimate, non-retaliatory reason for its actions." Id. at 954 (internal quotation marks omitted).

The Court finds that Plaintiff fails to establish a prima facie case of Title VII retaliation because there is no evidence in the record that she engaged in a protected activity that was causally linked to any adverse employment action. Protected activity includes the filing of an EEOC complaint and complaints to supervisors about sexual harassment and/or discrimination. Trent v. Valley Elec. Ass'n, 41 F.3d 524, 526 (9th Cir. 1994). While Plaintiff alleges in her Complaint that she was retaliated against by being terminated after complaining about Dr. Mohtashami's conduct, there is no evidence in the record that she complained about Dr. Mohtashami's conduct to a supervisor while she was employed at All Bright, or that Dr. Mohtashami terminated her as a result of said complaint(s). Plaintiff only testified that she complained to her son and her assistant,

Danielle, about Dr. Mohtashami's conduct. Even if her complaints to these individuals could be construed as protected activity, there is no evidence in the record from which a reasonable jury could conclude that those complaints were ever relayed to Dr. Mohtashami. See Choen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir. 1982) ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity."). Furthermore, even if one were to assume that Dr. Mohtashami learned of Plaintiff's complaints, there is no evidence in the record that he terminated her in retaliation for raising those complaints. Plaintiff testified in depositions that she believed Dr. Mohtashami terminated her because his wife learned of his sexual advances towards Plaintiff. See ECF No. 68-12 at 157:9-158-22. When asked why she believed All Bright terminated her employment, Plaintiff responded that Dr. Mohtashami's wife informed her that she was being fired from All Bright, and that Dr. Mohtashami told her it was because she "didn't sound . . . convincing enough to make [his wife] believe that [they] didn't sleep together." Id. at 158:18-24. There is simply no indication in the record—through Plaintiff's own testimony or any other evidence—that Dr. Mohtashami or anyone else at All Bright fired Plaintiff or took any adverse employment action against her as a result of any complaints she raised about Dr. Mohtashami's conduct. See Nguyen, 722 Fed. Appx. at 689.

Because Plaintiff cannot establish a prima facie case of Title VII retaliation based on the evidence in the record, the Court grants summary judgment in favor of Defendant on this claim.

## IV.   PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL (ECF NO. 73)

### a. Legal Standard

Under the Local Rules of Practice for the District Nevada, an attorney seeking to withdraw after appearing in a case "must file a motion or stipulation and serve it on the affected client and opposing counsel." LR IA 11-6(b). Leave of the Court is required for an attorney to withdraw from a case, and district courts are given considerable deference in making that decision. See id.; see also LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998); Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999) (collecting cases).

"Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing." LR IA 11-6(e).

b. Discussion

Plaintiff's counsel seeks to withdraw from this matter due to a health crisis she suffered in the early months of 2021. Plaintiff's counsel represents that as of March 2021, she has been incapable of practicing law full time. In support of her motion to withdraw, Plaintiff's counsel provided evidence of an e-mail she sent to Plaintiff on March 22, 2021, in which she informed Plaintiff that she could no longer represent Plaintiff and would be notifying opposing counsel of her intent to withdraw from the case. Plaintiff's counsel also attached an e-mail she sent to opposing counsel the same day, in which she notified opposing counsel of her intent to withdraw from the case. Plaintiff's counsel represents to the Court that she has not had any communication with Plaintiff or defense counsel since April 2021.

The Court finds there is good cause to grant the motion given Plaintiff's counsel's representation that she is suffering from ongoing health challenges that preclude her from practicing law full time. However, the Court is mindful that Plaintiff's counsel did not file a Motion to Withdraw as Counsel with this Court until February 4, 2022, nearly a year after she first told her client that she could no longer represent her. In the interim, Plaintiff's counsel knew or should have known that Defendant's Motion for Summary Judgment (filed March 22, 2021) was pending, and also knew or should have known that Defendant had filed three notices/motions indicating that Plaintiff had not yet filed an opposition to the Motion for Summary Judgment.

To mitigate any potential prejudice to Plaintiff resulting from a withdrawal of counsel at this late stage, the Court grants the Motion to Withdraw but directs Plaintiff's counsel to appear at one final pretrial conference.

/ /

/ /

/ / /

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### V.     CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 68) is **DENIED** in part and **GRANTED** in part.

The motion is DENIED as to Plaintiff's first claim for Title VII hostile work environment. The motion is GRANTED as to Plaintiff's second and third claims for Title VII quid pro quo sexual harassment and retaliation.

**IT IS FURTHER ORDERED** that Defendant's Motion for Order (ECF No. 71) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Withdraw as Counsel of Record (ECF No. 73) is GRANTED. **IT IS FURTHER ORDERED** that Plaintiff's counsel (Nisce) shall appear at the pretrial conference.

**IT IS FURTHER ORDERED** that the parties shall submit a proposed Joint Pretrial Order to the Court by April 25, 2022.

**IT IS FURTHER ORDERED** that a pretrial videoconference is scheduled for May 18, 2022 at 10 a.m. Plaintiff is ordered to appear along with Nisce. The Court will issue the instructions regarding appearance by videoconference.

**DATED:** March 29, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**